IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                              CIV. NO. S-CR. NO. S-08-0330

RISHI SANWAL,                  ORDER RE: DISCLOSURE OF
                                        SUBPOENAED RECORDS
    Defendant
_____/
VICKI ZITO,

   Victim representative
_____/

    Following an ***in camera*** session between the court and Kelli Luther, counsel for the victim representative, the court issues the following order.[1] After reviewing the confidential juvenile records of the victim received pursuant to subpoenas duces tecum from El Dorado County Superior Court and El Dorado County

---

[1] The court deemed an *in camera* session with counsel for the victim would not run afoul of the Ninth Circuit's February 26, 2008 order issued in this case. The appellate court, in denying without prejudice a request for a writ of mandate, required this court to issue a stay prior to disclosure of subpoenaed records to any of the "real parties in interest." Given that the parties in the underlying criminal case are the government and defendant, the victim is not a "real party in interest."

1

Probation Office, as well as the law, the court has determined that certain information from the records will be disclosed in a summary form; however, no documents themselves will be disclosed.

Case law allows disclosure of the "fact of adjudication" and the "fact of probationary status", but prohibits disclosure of details of the circumstances of the adjudications. See Camitsch v. Risley, 705 F.2d 351, 354 (9th Cir. 1983). See also, Guam v. Viloria, 1995 WL 309200 * 2 (9th Cir., filed May 19, 1995) (unpublished opinion). Thus, it is the court's intent to provide, in summary form, the title and date of adjudication of any impeaching priors of the victim, as well as the fact of any probationary status of the victim.

The summary will be sealed and will be subject to the terms of a protective order to be prepared by the attorneys for the parties and the victim. Pursuant to appellate direction, this "turnover" order is stayed for ten days from the date of filing to allow counsel for the victim an opportunity to seek relief from the Ninth Circuit. All documents received pursuant to the subpoenas will be maintained by the court and will remain sealed.

IT IS SO ORDERED.

Dated: March 20, 2009

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

2